You can begin. Thank you. May it please the Court, my name is Sarnata Reynolds, and I'm appearing on behalf of the petitioner, Jose Lepe-Saucedo. Mr. Lepe's case is controlled by Antaviros Lopez, the INS, and as such, it was an abuse of discretion for the Board to deny his motion to reopen when he put the Board on notice that he did not have a complete record, when he told them that he intended to comply with Lozada, when the government did not oppose the motion to reopen, and when the ineffective assistance was so clear on the record. In such a case, it was an abuse of discretion for the Board to deny this case. Like the alien in Antaviros, Mr. Lepe did not have a complete record. He had received a complete copy of the file through a FOIA request, but page 13 of the immigration court transcript was missing. That's page 108 of the administrative record. That page is crucial to this case because on page 108 of the administrative record, Mr. Lepe's attorney began withdrawing any objections he'd had to the I-213, the record of deportable alien, and the sworn statement that had allegedly been made at the time he was put into secondary inspection. Like the lawyer in Antaviros, Mr. Lepe's lawyer could not comply without that record because he didn't have specific allegations against the lawyer without that page and because it would have been irresponsible for him to draft a state bar complaint without that one crucial page of the record. Now, what page are you talking about that he's missing? It's at page 108 of the administrative record. It was page 13 of the immigration court transcript. It's the page where his lawyer begins withdrawing any objections he had to the I-213 and the sworn statement. Because we didn't know what discussion had occurred. I assume you've received the May 10 letter from the Justice Department signed by Mr. Jeffrey Buchholz talking about Antaviros Lopez. Did you get this letter? It was submitted yesterday. Dated May 10, received May 11. Have you gotten this? I actually didn't get that. I'm prepared to discuss Antaviros, though. Counsel, did you give it to the other side? I did. I faxed it to the opposing counsel's office the morning that I faxed it to the court, which I believe was the 10th. I have a copy, which I can provide. That's fine. I'm comfortable with that. It says, Mr. Lepiselsedo contends that Antaviros Lopez excuses his failure to make any effort to comply with LOSADA. In Betoosh, however, the First Circuit explained that even if LOSADA's affidavit requirement might be excused as in Antaviros Lopez, if circumstances, quote, beyond the alien petitioner's control prevented compliance, that requirement cannot be excused where the petitioner fails even to explain why he was unable to comply. Like the petitioner in Betoosh, Mr. Lepiselsedo, quote, proffers no explanation for his failure even to describe an ineffective assistance claim in affidavit form, nor could Mr. Lepiselsedo provide a persuasive explanation for failing to satisfy the LOSADA requirement. When he filed his motion to reopen, he already had in his possession the necessary sources of information, dash, the transcript of the removal proceedings and his personal recollections. Your answer. I have two points to make on that. First, obviously, this court isn't controlled by a decision that comes out in the first circuit, although I know you'd look to it. Second, he assumes that we had a complete copy of the transcript and we didn't. Yes, that's why I brought that up, because you said you didn't. We didn't. And actually, in the motion to reopen, we state that it's on page 12 of the administrative record. We state that we believe there's been an ineffective assistance because he seems to have withdrawn the objections to I-213 in the sworn statement. And we say on that transcript 13 and 14. And that was basically, we were assuming that was correct because we had page 14, where he continues to withdraw his objections, and we assumed page 13 was where he started. So like the alien in Ontiveros, Mr. Lepiselsedo faced the same dilemma. Either he didn't file a motion to reopen because he couldn't comply at that time and basically foreclosed any opportunity he had to litigate whether his lawyer had been ineffective, or he filed the motion to reopen. He notified the board that he didn't have a complete record. He notified the board that he intended to comply with Lozada. And in this case, because the government didn't even oppose this motion to reopen, it was a clear abuse of discretion for the board to deny the motion to reopen just for lack of compliance with Lozada. Well, let's assume that you're right in that. Do you now have to show prejudice? Well, we could show prejudice in this case. Do we have to show prejudice? Do we need to? Well, in this case, whether we do, we can show prejudice because his lawyer had ‑‑ there was only two documents that were submitted by the government to demonstrate removability in this case, an I-213 and the sworn statement accompanying it, and there were plausible grounds of objection to both of those documents, which his lawyer just didn't make. If his lawyer had made the objections, I think it's likely it would have affected the outcome of the case, but it certainly may have affected the outcome. I'm wondering if those documents would have been admissible because I'm not sure that you have to give Miranda warnings. Your Honor, I know the government raised that argument, and it's not something that we discussed because we don't think we need to discuss that in this case. The regulations at HCFR section 292.5B state that if an alien is the focus of a criminal investigation, he has the right to counsel. And in this case, we know that's what was going on. There were seven people in that car, and they were all taken to secondary inspection. They were split up. Mr. Lappe was interrogated by two separate officers, and there was an I-213 issued, which is that administrative record 19, that stated that four of the people had been charged with criminal alien smuggling. So we know a criminal investigation. If I remember the law, you don't use the exclusionary rule in these kinds of proceedings. It wouldn't be necessarily the exclusionary rule, but it would certainly question the admissibility of these documents. On what ground? I mean, the Supreme Court has told us very clearly that the exclusionary rule is sufficient in criminal cases, but when you begin to extend it beyond that into the INS context, it doesn't make any sense. So forget about it. So why isn't it admissible if your ground is a Miranda violation? Well, because it's a violation of a regulation, first of all. It's an INS violation of its own regulations. But secondary, it goes to the... What case says that the violation of the INS's own regulations renders it inadmissible? What it would do is it would question the probative value and the reliability of that statement. Because he had the right to counsel, we don't know what was going on, but because he had the right to counsel, we know that he didn't understand the consequences of his talking to the officers. We know that he didn't have any protection about what he said, or he didn't have a lawyer there to help him, advise him, and walk him through what he was being asked. And we know that some of the questions that he was asked, they may have been leading and they may have been improper, and he didn't have anyone there to help him object to those questions. Well, wasn't the circumstance here that the nephew was using his son's birth certificate? That's the document that was found on him? That was what was alleged. And the government wouldn't have been able to prove those circumstances regardless of the signed statements? Well, that's the whole question. The government had to prove by clear and convincing evidence that this had occurred. They produced two documents, both of which the inadmissibility was in question for those reasons, but for other ones too. This whole interview, this interrogation was supposed to have taken place in Spanish, but the statements that are submitted are in English. What's the gap? In other words, the government can put on evidence as to the documentation that was proffered by the nephew, correct? They put on it that I-213 of the nephew was submitted with the record of deportable alien. Wouldn't the border patrol agent who picked it up testify that that's what? Well, those were actually the officer's conclusions from what he said he talked to the nephew about, but they never put on any officers at all. There was no testimony in this case at all. No one testified. I'd like to reserve the rest of my time for rebuttal. Well, hold on a second. In your motion to reopen, where do you make it clear that you can't comply with Lozada because you don't have the transcript? It's at page 12. It says that we have an incomplete file. And so what it says, I don't have it in front of me, but I believe what it says is that page 12 of the administrative record. And I believe what it says is that it seems that there has been ineffective assistance, but counsel doesn't have a complete file. Transcript of hearing at 4-6 exhibits 2A and 2B. While current counsel's record is complete, it appears that former counsel withdrew these objections at the merits hearing. Is that it? Administrative record 12. Yeah. Is that what you're- Do you ask for time to comply with Lozada? On page 13. Page 18. Rather, number 18. Is that a paragraph? I'm sorry. We ask in the motion to reopen, and I believe it's on the second to last page, which I thought was administrative record 13. Yes. Okay. We do. Good. Thank you, counsel. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. Jeffrey Buchholz from the Justice Department for Respondent. I'd like to address first, Judge Trott, your question that we were just discussing about where in the motion to reopen Mr. Lepe asked the Board for permission to have more time because he couldn't yet comply with Lozada because he didn't yet have the full transcript. Right after the part, Judge Trott, that you just read, if you turn the page- Counsel will supplement this motion with evidence of Lozada compliance? Sorry. I'm referring to a different part. If you look at page 12 of the administrative record, while current counsel's record is incomplete, it appears that former counsel withdrew these objections at the merits hearing on July 24, 2000. If you turn the page, the motion to reopen cites for that statement the very page of the transcript that supposedly was missing at the time. And so I don't understand what part of the record counsel didn't have at the time counsel filed the motion to reopen. Even if counsel didn't actually have a copy- Well, are you questioning the truth of the allegation? The statement says it's an incomplete record. I'm not questioning the truth of what I've just heard this morning, that page 13 of that transcript was not actually in counsel's possession at the time. That may well be. But counsel was confident enough about what page 13 said. If you have a deposition and you've got a page missing and it's obvious that the line of questioning started on the page before and you were trying to state something about that line of questioning, you don't think you could cite to the missing page because by just process of reading and reasoning, you'd know that the statement or whatever the proceeding must have occurred on the page that isn't there? I mean, we get those all the time in our excerpts of record, and one can infer that whatever was going on started on the page before. Perhaps, Judge Fischer, you could, and perhaps it was- I'm not suggesting that it was inappropriate for the motion to reopen to cite page 13 of the transcript, even if that page was not physically in counsel's possession. What I am saying is that if counsel was confident enough about what page 13 said because of the context, that counsel could cite it in the motion- What they've argued is that they weren't because they don't know what the predicate was, and I can tell you I get lots of excerpts of record where I'm not sure what the colloquy was before the answer that's served up, and that's why I always ask to find the missing page so I can look and see what's the context. So are you suggesting we should just now have an evidentiary hearing on what that missing page was? Was this made a matter of dispute at the time? I'm not suggesting that at all, Your Honor. What I'm trying to say is, I guess, two things. One is that if counsel at the time of filing the motion to reopen didn't know enough about what had happened at the removal hearings in order to be able to state an ineffective assistance claim, then it was incumbent on counsel to explain that to the board. And as Judge Fischer, as you asked a few minutes ago, the motion to reopen doesn't say anywhere, we can't comply with Lozada because we don't have page 13 of the record. In fact, the motion to reopen. I don't think I asked that question. I'm sorry. Then maybe it wasn't, Your Honor, to ask that question. But the motion to reopen, if you look at the motion to reopen in its entirety, it doesn't say anywhere, we can't comply with Lozada because we don't have page 13 of the record. In fact, the motion to reopen is at least seemingly inconsistent with that statement because the motion to reopen cites that page of the record. Well, it says, well, current counsel's record is incomplete. So that's just, I don't know what you can derive from that. Other than that, the record is incomplete. And then they use the usual attorney language. It appears that former counsel withdrew these objections. It would have been nice if they said we don't have page 13, but it seems pretty clear. And then they go on down below and they said we'll comply with Lozada in number 18 on administrative record 13 and 14. And then it says counsel will supplement this motion with evidence of Lozada compliance. You're correct, Your Honor, that the motion says that. What the motion never does say, though, is that counsel has attempted to get the full record, that counsel has been unable, despite best efforts, to get the full record because of circumstances beyond his control, as in Ontiveros-Lopez. And counsel never even makes the connection between the missing page of the record and what that page is expected to show. So this morning at oral argument is the first time that we've learned that page 13 was the part of the record that was missing. The government had agreed that there should be a reopening. Is that right? Yes. It's possible for the government to agree that a motion to reopen should be granted. On the other hand, there are many, many, many motions to reopen that are filed to which the government does not respond. And so the fact that the government did not ask the board to deny this motion on the ground of noncompliance with Lozada does not at all mean that the board was therefore supposed to grant it. But why did the government think there should be a reopening? Well, at bottom, Your Honor, I guess there's two reasons. One is that I think that the requirements of Lozada, as this Court has said repeatedly, are reasonable and are important. But also to be flexibly applied. Of course, Your Honor. And I don't disagree with that at all. But I think that in all the cases where this Court has excused strict compliance or lack of strict compliance with Lozada and approved substantial compliance or words to that effect, the petitioner had done a lot more to comply with Lozada than here. Here, the petitioner didn't do anything to comply with Lozada. And moreover, the petitioner did not explain to the board, here's what I've tried to do to comply with Lozada. Here's why circumstances beyond my control have made it impossible for me to comply. Here's what I'm continuing to try to do to comply. And I'd like you to give me a little bit of extra time so that I can comply. The motion to reopen doesn't say that. And so I think that it's inappropriate to fault the board for denying the extraordinary relief of reopening on a ground that really wasn't urged to the board. It's not like in Ontiveros-Lopez where the motion to reopen was accompanied by a declaration from counsel that explained the diligent efforts counsel had engaged in and why circumstances beyond counsel's control prevented compliance and said counsel is continuing to try to comply. And, in fact, in Ontiveros-Lopez, just a few weeks after the motion to reopen was filed, counsel did comply with Lozada and submitted a supplement. In this case, that never happened. Okay. If I could, because your time's running short, could you move to the issue of prejudice? Yes. And when I said a moment ago that there were two basic reasons why the government would oppose reopening here, that's the second reason. Fundamentally here ‑‑ I'm not surprised since you said so in your brief. I'm just ‑‑ Exactly, Your Honor. I think that there's no prejudice here for a number of reasons. First, there is no requirement to give a Miranda warning. There is no right to counsel. This is a border inspection. And ‑‑ But the argument is that because it was a violation of the rule, it's plausible to believe that the documents might have been excluded, if not for failure to give a Miranda warning, but because of a violation of rule. So assuming that there was a plausible chance of excluding the documents, how would you approve the violation without the documents? Well, I don't want to conceive that the documents were excludable. I'm not asking you to conceive anything. But even if ‑‑ Of course not. Even if ‑‑ Just tell us what the evidence is that you had, other than the documents. If you look at page 19 of the administrative record, there is ‑‑ that Mr. Lepe says should have been excluded. So putting those aside for a moment and assuming arguendo that those were excludable, there is also the statement from Mr. Lepe's nephew, from the smuggly, if that's a word, that implicates Mr. Lepe, that says the smuggly got the birth certificate of Mr. Lepe's son from Mr. Lepe. Now, there's no plausible ground to exclude that statement. And it's correct that the government at the removal hearing didn't put on testimony from the inspector, but the inspector was present and ready to testify. And the reason the government didn't put on the inspector is because Mr. Lepe didn't present any evidence and there was no occasion to. But the government would have been able to prove, through that evidence, that Mr. Lepe had attempted to smuggle his nephew into the country. So even if all of Mr. Lepe's statements had been suppressed, the result would have been the same. And I think that that is the ultimate reason why there couldn't be any prejudice here. I disagree that there was any right to counsel or to a Miranda warning. And, in fact, if you look at that same page of the record, page 19, it does say, as opposing counsel pointed out, that a couple of the occupants of the car were charged with a Federal crime for alien smuggling. But Mr. Lepe, you'll notice, was not one of those that was charged. There never was any criminal investigation of Mr. Lepe. He was referred from primary inspection at the border to secondary inspection. He was never referred to a criminal investigation. There never was any criminal proceeding instituted against him. And so even under the INS regulation that counsel relies on, there was no right to counsel. And there wouldn't be any exclusion of Mr. Lepe's statements, in any event, for the reasons that Judge Trott explained earlier. But ultimately, even if Mr. Lepe's statements had been excluded, the result would have been the same because of the other evidence that the government had. My time is just about up, but I just want to say, in summary, the Lozada requirements are important. It's like the requirements for Federal Rule of Appellate Procedure 35B for a petition to a hearing in Beck. We understand that, counsel. There isn't any case that opposing counsel has cited or that I'm aware of that has excused this kind of complete noncompliance with Lozada. And beyond that, without even any attempt to explain why counsel couldn't comply with Lozada. If this noncompliance with Lozada is excused, then Lozada essentially means nothing. I don't think it's too hyperbolic. Thank you very much, Your Honors. Thank you, counsel. Thank you, Your Honors. I only have 14 seconds, so I just want to say quickly that it was the government's burden of proof in this case to prove removability. They didn't have the evidence. And if a lawyer had objected, it certainly may have affected the outcome of the case. There's clear prejudice here. And that's it. Thank you, Your Honors. Case is now resorted and submitted. We'll go on to the next case. Singh-Dillon v. Ashcroft. Good morning, Your Honors. May it please the Court. Jagdeep Singh Sekhar on behalf of Petitioner Narendraji Singh. And Your Honors.
judges: B. Fletcher,trott, Fisher